UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CLERK LOU,<br><br>Defendants. | Case No. 1:24-cv-00404-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's application to proceed without payment of fees (Dkt. 1) and Plaintiff's Complaint (Dkt. 2). For the reasons explained below, the Court will grant the application but dismiss the Complaint with leave to amend.

## ANALYSIS

1. *In Forma Pauperis* **Application**

Robert Johnson, proceeding pro se, has conditionally filed a complaint against a person known as Clerk Lou, an employee of the Syracuse City Court. Johnson asks the Court to allow him to proceed *in forma pauperis*.

Plaintiffs who wish to pursue civil lawsuits in this District must pay a filing

MEMORANDUM DECISION AND ORDER - 1

fee. *See* 28 U.S.C. § 1914(a). If a plaintiff wishes to avoid that fee, he must submit an affidavit showing he is unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

The Court has reviewed the affidavit provided by Johnson and finds that it states sufficient facts supporting his poverty. For that reason, the Court will grant his *in forma pauperis* application (Dkt. 1).

2. **Review of Complaint**

Once a court grants an *in forma pauperis* application, it may conduct an initial review of the complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). If the Court engages in this review, a complaint must be dismissed if it (1) states a frivolous or malicious claim, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

MEMORANDUM DECISION AND ORDER - 2

1915(e)(2)(B). The second basis for dismissal is most relevant in this case.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 and may be dismissed if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But this does not eliminate the standard set forth in Rule 8(a)(2). Pro se plaintiffs must still articulate plausible claims and allege facts sufficient to support each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Judges are neither "mind readers" nor "advocates" for pro se litigants. *Camel v. Cannon*, No. 6:06-3030–GRA–WMC, 2007 WL 465583, at *3 (D.S.C. Feb. 7, 2007). Nor will courts "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)

MEMORANDUM DECISION AND ORDER - 3

(internal citation omitted).

Johnson seeks to bring a claim under 42 U.S.C. § 1983, and he requests relief of nearly $15 million in damages. *Complaint* at 5, Dkt. 2. Johnson states that he "was discriminated against and denied rights to file legal documents due to his financial status, alleged criminal history, retaliation and disability." *Id.* at 5. This description – the entirety of his account of the events underlying the claim – consists of legal conclusions rather than factual allegations. The Complaint exemplifies an "unadorned, the-defendant-unlawfully-harmed-me allegation," which cannot survive initial review. Additionally, the incident occurred in New York, and everyone involved in the case appears to be located there.

Due to the complete absence of factual allegations, the Johnson has failed to state a claim upon which relief can be granted. The Court will dismiss the Complaint but give Johnson leave to amend it to cure these deficiencies. If he does so, he should take care to allege specific facts instead of merely stating conclusions, and he must show facts which establish a sufficient connection with Idaho to support venue in the District of Idaho.

**MEMORANDUM DECISION AND ORDER - 4**

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Application to Proceed *in Forma Pauperis* (Dkt. 1) is **GRANTED**.

2. The Complaint fails to state a claim upon which relief may be granted and is DISMISSED. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.

DATED: October 18, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 5**